| | | |
|---|---|---|
| RICKY BAKER, | ) | |
| | ) | Case Nos. 1:15-cr-60, 1:17-cv-281 |
| *Petitioner,* | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent.* | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Ricky Baker's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 92) and "Petitioner's Traverse," which the Court construes as a motion to supplement his § 2255 motion (Doc. 101).[1]  Respondent, United States of America, opposes Petitioner's motion.  (Doc. 94.)  For the following reasons, the Court **GRANTS** Petitioner's motion to supplement his § 2255 motion (Doc. 101) and **DENIES** Petitioner's § 2255 motion (Doc. 92).

## I.     BACKGROUND

On May 27, 2015, Petitioner was charged with one count of being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1).  (Doc. 1.)  On November 19, 2015, Petitioner pleaded guilty to this offense pursuant to an amended factual basis.  (Doc. 43; *see also* Doc. 37.)  On March 25, 2016, the undersigned sentenced Petitioner to

---

[1] Two copies of "Petitioner's Traverse" have been filed on the docket.  (Docs. 100, 101.) Because the documents appear to be identical, the Court will **DENY AS MOOT** the first-filed and consider only the second-filed.

180 months' imprisonment.  (Doc. 71.)  Petitioner appealed, and the Sixth Circuit affirmed his conviction and sentence.  (Doc. 88.)  On October 10, 2017, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 92.)  This motion is now ripe for the Court's review.

## II.      TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either:  (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

Petitioner appealed from the district court's judgment imposing a 180-month term of imprisonment.  (*See* Docs. 71, 73.)  The Sixth Circuit affirmed Petitioner's conviction and sentence on July 10, 2017.  (Doc. 91.)  Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.  (*See* Doc. 92.)  When a petitioner chooses not to file a petition for a writ of certiorari, "his conviction [becomes] final when time expire[s] to do so, ninety days from the date of the [appellate court's] mandate."  *Norwood v. United States*, No. 17-1370, 2017 WL 4404632, at *2 (6th Cir. July 3, 2017).  Thus, Petitioner's conviction became final on October 8, 2017.  Petitioner filed the instant petition on October 10, 2017, well within the one-year window in which to do so.  Accordingly, Petitioner's motion was timely filed.

### III.    STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id.* (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id.*

## IV. ANALYSIS

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2255 on two grounds: (1) he was improperly classified as an armed career criminal under the Armed Career Criminal Act ("ACCA"); and (2) he received ineffective assistance of counsel. (*See* Doc. 92.) Petitioner failed to raise his ACCA objection at sentencing or on appeal. Thus, this claim is procedurally defaulted unless Petitioner can show cause and prejudice. *E.g.*, *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner blames his failure to object on his counsel and ineffective counsel may amount to "cause" that excuses procedural default. *See Nagi v. United States*, 90 F.3d 130, 134–35 (6th Cir. 1996). Thus, the Court must first decide whether Petitioner's counsel was ineffective.

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Petitioner argues his counsel was ineffective "for not knowing relevant case law, as to the Georgia burglary statute not containing the proper verbage to meet the ACCA 'breaking and entering' requirements . . . ."[2]  The ACCA requires a fifteen-year minimum sentence if a defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ."  18 U.S.C. § 924(e)(1).  The ACCA goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, . . .  that—**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or **(ii)** is burglary, arson, or extortion . . . ."  *Id.* § 924(e)(2)(B).  Although burglary is an enumerated "violent felony," the United States Supreme Court has held that "burglary" must have "some uniform definition independent of the labels employed by the various States' criminal codes."  *Taylor v. United States*, 495 U.S. 575, 592 (1990).

The Supreme Court concluded in *Taylor* that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  *Id.* at 599.  However, the inquiry does

---

[2] Petitioner also alleges that his counsel "purposely [filed] an appeal [he] knew was frivolous and lacked merit."  (Doc. 92, at 5.)  However, this allegation is entirely speculative and Petitioner offers no further explanation or factual support for this allegation.  Thus, the Court will not consider this aspect of Petitioner's claim for ineffective assistance of counsel.  *See, e.g.*, *McConnell v. United States*, 162 F.3d 1162 (6th Cir. 1998) (finding a portion of petitioner's motion legally insufficient due to allegations that were "conclusory, completely speculative and unsupported by" any proof); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (finding no substantial allegation where "petitioner's claims were stated in the form of conclusions without any allegations of facts" to support them).

not always end there. When a state statute under which a defendant is convicted in some way varies from this generic definition of burglary, "the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary." *Id.*

Petitioner's Presentence Investigation Report ("PSR") identified three previous convictions for violent felonies—two for Tennessee burglary and one for Georgia burglary. (*See* Doc. 56, at 14–17.) Petitioner challenges only his Georgia burglary as an ACCA predicate,[3] arguing that it cannot qualify as a predicate offense for the ACCA enhancement because it does not involve the unlawful entry element as required by *Taylor*.

The Georgia burglary statute at issue in this case provides, in relevant part:

A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof . . . .

---

[3] In Petitioner's motion to supplement his § 2255 motion, he appears to also raise a challenge to his Tennessee burglary convictions qualifying as ACCA predicates. (*See* Doc. 101.) Specifically, he argues that the Sixth Circuit's decision in *United States v. Mitchell*, 905 F.3d 991 (6th Cir. 2018), "shows that Tennessee burglary of a building is not violent under the ACCA." (Doc. 101.) In *Mitchell*, the Sixth Circuit held that the defendant's conviction under the 1982 version of Tennessee's third-degree burglary statute did not qualify as a "violent" felony under the ACCA. *Id.* at 993. However, this case does not help Petitioner, as *Mitchell* addresses a now-repealed version of the Tennessee burglary statute. Petitioner's Tennessee burglary convictions are Class D felonies that were incurred in 2005 and 2007 under a newer version of the Tennessee burglary statute. The Sixth Circuit has held that Class D burglary felonies, such as Petitioner's, categorically qualify as ACCA predicates. *United States v. Priddy*, 808 F.3d 676, 685 (6th Cir. 2015) ("Therefore, if the conviction records for a Tennessee burglary offense indicate that the defendant was convicted of a Class D felony, then that offense was necessarily a violation of Tenn. Code Ann. § 39–14–402(a)(1), (a)(2), or (a)(3) and, as a result, was a generic burglary under *Taylor*."); *see also United States v. Ferguson*, 868 F.3d 514, 516 (6th Cir. 2017) ("*Priddy*'s burglary analysis remains controlling, governs here, and compels us to find that Ferguson's prior Tennessee burglary convictions are violent felonies."). Because Petitioner's prior convictions for Tennessee burglary were properly considered ACCA predicate offenses, counsel's failure to object to this did not amount to constitutionally-deficient performance.

Ga. Code Ann. § 16-7-1 (2012).[4]  The Georgia statute varies from the generic definition of burglary because it uses the phrase "without authority," rather than the phrase "unlawful or unprivileged entry."  However, this distinction is meaningless in the Sixth Circuit—entering without authority is substantively the same as unlawful or unprivileged entry.  *Richardson v. United States*, 890 F.3d 616, 629 (6th Cir. 2018) (finding that the Georgia burglary statute in effect pre-July 2012 "substantially conform[s] to the generic definition of burglary"); *see also Dawkins v. United States*, 809 F.3d 953, 955 (7th Cir. 2016) (describing that federal courts "use terms like unlawfully, unauthorized, without consent, and without authority interchangeably").[5]  Petitioner also argues in his motion to supplement his § 2255 motion, that an Eleventh Circuit case, *United States v. Heard*, 677 F. App'x 636 (11th Cir. 2017), holds that the Georgia burglary statute "lacks the predicate 'breaking and entering' requisite" for an ACCA enhancement.  (Doc. 101.)  However, *Heard* actually holds the opposite:  that "convictions under the Georgia burglary statute may sometimes serve as predicate offenses under the Armed Career Criminal Act because the Georgia burglary statute is divisible and includes the elements of generic burglary."  *Id.* at

---

[4] This is the version of the Georgia burglary statute in effect when Petitioner committed the Georgia burglary.  The statute was subsequently amended in July 2012 and again in July 2017.

[5] Although not raised by Petitioner, the Georgia burglary statute would also not qualify as an ACCA predicate offense if its location element did not correspond to that of the generic definition.  For example, the Georgia burglary statute contains a list of alternative location elements, *i.e.* dwelling house, vehicle, or railroad car, whereas the generic definition encompasses only crimes that occur in a building or structure.  *See Taylor*, 495 U.S. at 599.  However, in *Richardson*, the Sixth Circuit recently decided that the pre-July 2012 Georgia burglary statute—the same version at issue here—is divisible.  890 F.3d at 622.  Accordingly, the Court may look to the record of the prior conviction itself to determine whether Petitioner's conviction is for a generic form of burglary.  *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).  Because Petitioner was convicted of "enter[ing] the dwelling of Kelly Johnson and commit[ing] a theft," his conviction meets the generic definition of burglary under *Taylor*.  *See* 495 U.S. at 599 (stating that generic burglary is an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"); *Richardson*, 890 F.3d at 623–24.

636 (reversing the district court's "contrary determination . . . that generic burglary requires an element of breaking and entering"). Accordingly, *Heard* does not support Petitioner's argument. Because Petitioner's prior conviction for Georgia burglary was properly considered an ACCA predicate offense, counsel's failure to object to this did not amount to constitutionally-deficient performance. Petitioner has identified no other grounds for relief under § 2255. Because Petitioner has not established any basis on which a § 2255 motion may be granted, his motion will be **DENIED**.

## V.     CONCLUSION

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief. Accordingly, the Court **GRANTS** Petitioner's motion to supplement his § 2255 motion (Doc. 101) and **DENIES** Petitioner's § 2255 motion (Doc. 92).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**